NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE WEBBER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2089

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6035, Chief Judge Margaret C. Bartley.

---

Decided: April 20, 2022

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, BRYSON, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

The Board of Veterans' Appeals ("Board") determined that Eugene Webber's peripheral neuropathy service-connection awards already compensated Mr. Webber for a doctor's recommendation that he avoid certain activities. The Board accordingly denied Mr. Webber a higher diabetes rating for that recommendation to avoid double compensation, or "pyramiding," under 38 C.F.R. § 4.14. The Court of Appeals for Veterans Claims ("Veterans Court") affirmed after determining that this anti-pyramiding rationale was proper and sufficiently explained. Since the Veterans Court properly construed § 4.14, we affirm.

BACKGROUND

I

Veterans may receive service connection for both diabetes and peripheral neuropathy. For diabetes, the rating schedule provides a 20-percent rating for veterans who require either (1) one or more daily injection(s) of insulin and a restricted diet, or (2) an oral hypoglycemic agent and a restricted diet. 38 C.F.R. § 4.119, Diagnostic Code 7913. A 40-percent rating is given to veterans who require (1) one or more daily injection(s) of insulin, (2) a restricted diet, and (3) "regulation of activities." *Id.* "[C]ompensable complications of diabetes" are evaluated "separately unless . . . used to support a 100-percent evaluation," *id.*, and peripheral neuropathy is a "common complication" of diabetes, J.A. 43.

Peripheral neuropathy has its own rating schedule. The ratings range from mild to complete disability and are "in proportion to the impairment of motor, sensory, or

mental function."  38 C.F.R. § 4.124a.  The assigned level of impairment "[c]onsider[s] especially . . . complete or partial loss of use of one or more extremities, . . . impairment of vision, disturbances of gait, tremors, visceral manifestations, etc."  *Id.*

## II

Mr. Webber received service connection for diabetes, peripheral neuropathy of the lower extremities, and peripheral neuropathy of the upper extremities, each at a rating of 20 percent.  Mr. Webber also sought an increase in his diabetes rating to 40 percent.  He submitted the medical opinion of Dr. Anderson, which stated that Mr. Webber's peripheral neuropathy

> significantly interferes with walking due to pain and numbness in the feet and legs.  [Mr. Webber] requires a cane for ambulation and experiences problems with his balance.  *He should not be exposed to activities such as being around heights, climbing, or balancing. . . .*  In summary, [Mr. Webber's diabetes] with secondary related [peripheral neuropathy] would impose significant regulation of activities.

J.A. 24 (emphasis added).  Mr. Webber relied on the italicized language to prove the requisite "regulation of activities" for a 40-percent diabetes rating.

## III

The Board initially denied Mr. Webber an increased diabetes rating because the activities listed—avoiding heights, climbing, and balancing—were "not the type of strenuous activities contemplated by the regulation."  J.A. 16. Mr. Webber appealed that decision to the Veterans Court, and the Veterans Court granted the parties' joint motion for partial remand, in which the parties agreed that the Board improperly disagreed with Dr. Anderson's medical opinion.  J.A. 16.

On remand, the Board denied Mr. Webber's claim for a 40-percent diabetes rating "on alternative grounds." J.A. 16. The Board did not examine whether Dr. Anderson's activity suggestions fell within the ambit of "regulation of activities"; instead, it examined whether Mr. Webber's peripheral neuropathy ratings already compensated him for the restrictions discussed in Dr. Anderson's medical opinion. The Board concluded that they did. Specifically, the Board found that Dr. Anderson's activity recommendations were "already contemplated" in both of Mr. Webber's peripheral neuropathy awards. J.A. 18; *see also* J.A. 52 (recognizing "loss of balance" and "instability" as complications of peripheral neuropathy). The Board accordingly denied Mr. Webber a 40-percent diabetes rating due to 38 C.F.R. § 4.14, which prohibits pyramiding veteran disability awards and instructs that "[t]he evaluation of the same disability under various diagnoses is to be avoided." The Board reasoned that it had to deny Mr. Webber's claim for an increased diabetes rating because, even if Dr. Anderson's opinion amounted to "regulation of activities" for diabetes, the Board could not "impermissibly double-count[]" Mr. Webber's activity impairments. J.A. 18.

Mr. Webber again appealed to the Veterans Court, asserting that the Board's anti-pyramiding conclusion lacked adequate reasoning. The Veterans Court disagreed and affirmed the Board. The Veterans Court determined that "[t]he Board's analysis [was] consistent with governing law" and was "sufficiently detailed." J.A. 6. Although Mr. Webber also appealed the Board's interpretation of "regulation of activities" in the diabetes rating schedule, the Veterans Court recognized that "[t]he Board's analysis does not require addressing the question" of regulatory interpretation. J.A. 5–7. Mr. Webber now appeals to this court. He argues that anti-pyramiding does not apply here when § 4.14 is properly construed and that Dr. Anderson's medical opinion demonstrates the "regulation of activities" required for a 40-percent diabetes rating.

We have jurisdiction under 38 U.S.C. § 7292(c).

### DISCUSSION

The Veterans Court properly construed the anti-pyramiding regulation to conclude that Mr. Webber could not be doubly compensated for Dr. Anderson's opinion that he avoid "heights, climbing, or balancing." J.A. 24. Section 4.14 provides that "the same manifestation" of a disability should not be evaluated (and thus compensated for) "under different diagnoses." 38 C.F.R. § 4.14. As Mr. Webber recognizes, the "rule against 'pyramiding' prohibits . . . 'compensating a claimant twice (or more) for the same symptomatology.'" Appellant's Br. 8 n.2 (quoting *Lyles v. Shulkin*, 29 Vet. App. 107, 113 (2017)); *accord Amberman v. Shinseki*, 570 F.3d 1377, 1381 (Fed. Cir. 2009).

And the Board found that that is exactly what Mr. Webber seeks—compensation for the restrictions discussed in Dr. Anderson's medical opinion under his diabetes rating despite the fact that his peripheral neuropathy ratings "already contemplated" Dr. Anderson's activity suggestions. J.A. 6. That is a factual finding that we cannot disturb. Accordingly, we conclude that the Veterans Court properly construed § 4.14 to affirm the Board.

Since we affirm the Veterans Court based on the construction of § 4.14, we need not and therefore do not reach Mr. Webber's regulatory-interpretation argument regarding § 4.119's "regulation of activities."

### CONCLUSION

We have considered the parties' remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court.

**AFFIRMED**

### COSTS

No costs.